

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00368-CV

———————————————

IN RE ALEX MELVIN WADE, JR., Relator

---

Original Proceeding
Trial Court Nos. CV-18-05-384, CV-17-10-884, CV-17-06-524

---

Before Pittman, Gabriel, and Kerr, JJ.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

Relator Alex Melvin Wade, Jr. filed this petition for writ of mandamus. Relator has been adjudged to be a vexatious litigant in prefiling orders in the underlying district court proceedings in Trial Court Cause No. CV-18-05-384, but he was also previously determined to be a vexatious litigant in a prefiling order in the 151st District Court in Harris County, *Wade v. Bank of America N.A.*, No. 2017-39002, the mandamus and appeal of which are pending, Nos. 14-18-00486-CV, 14-18-00487-CV (Tex. App.—Houston [14th Dist.] consolidated July 19, 2018). *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.101(a), (e) (West 2017) (allowing a district or statutory county court to enter a prefiling order applicable to all state courts); Office of Court Administration, *List of Vexatious Litigants Subject to a Prefiling Order*, http://www.txcourts.gov/judicial-data/vexatious-litigants/ (last updated Nov. 27, 2018, and last visited Dec. 5, 2018); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 11.104 (West 2017) (requiring the Office of Court Administration to maintain and post the list).

Even if we consider Relator's petition for writ of mandamus in this court as a challenge to the respondent's prefiling orders, the Harris County district court's prefiling order triggered the requirement that Relator obtain an order from the local administrative judge permitting the filing of this petition for writ of mandamus. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 11.001(2) ("'Litigation' means a civil action commenced, maintained, or pending in any state or federal court"), .102(a) ("A

2

vexatious litigant subject to a prefiling order under Section 11.101 is prohibited from filing, pro se, new litigation in a court to which the order applies without seeking the permission of . . . the local administrative judge . . . .") (West 2017); *see also id.* § 11.103(a) (stating general rule that "a clerk of a court may not file a[n] . . . original proceeding . . . by a vexatious litigant subject to a prefiling order under Section 11.101 unless the litigant obtains an order from the appropriate local administrative judge described by Section 11.102(a) permitting the filing"); *In re Johnson* (*Johnson I*), No. 03-13-00531-CV, 2013 WL 4822489, at *1 (Tex. App.—Austin Aug. 30, 2013, orig. proceeding) (mem. op.) ("Johnson is a vexatious litigant who is subject to prefiling orders under chapter 11 of the civil practice and remedies code for any litigation, original proceeding, appeal, or other claim he presents.").

Nothing in the record shows that Relator obtained an order from the local administrate judge permitting the filing of this original proceeding. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 11.102(a), .103(a). We therefore notified Relator on November 15, 2018 that his petition was subject to the prefiling requirement and directed him to provide the required order by November 26, 2018 or risk dismissal. *See id.* §§ 11.102(a), .1035(b). We have received no response.

Because Relator failed to respond to our notice and offered no proof that he complied with chapter 11 by obtaining an order from the local administrative judge permitting the filing of this mandamus petition, we dismiss it. *See id.*; *In re Newsome*, No. 01-17-00932-CV, 2018 WL 2436629, at *1 (Tex. App.—Houston [1st Dist.] May

31, 2018, orig. proceeding) (mem. op.); *In re Johnson*, No. 08-15-00162-CV, 2015 WL 3505177, at *1 (Tex. App.—El Paso June 3, 2015, orig. proceeding) (mem. op.); *In re Johnson*, No. 03-14-00006-CV, 2014 WL 411763, at *1 (Tex. App.—Austin Jan. 31, 2014, orig. proceeding) (mem. op.); *Johnson I*, 2013 WL 4822489, at *1.

Per Curiam

Delivered:  December 6, 2018